Martin, J.
, . delivered the opinion of the court, The plaintiff claims the amount of a promissory *277 note of the defendants’ testator, allowing payments, which reduce his demand to ¡S 1655-12.
He states that, at the maturity of the note, the testator, being unable to pay it, promised to allow , , ,, interest thereon, at the rate oí ten per cent, a year, and gave his note for S 500 in part payment of the interest, during the first year, that, after his death, the parties, to the present suit, agreed that the 1 . & note for g 500 should be considered as the full payment of the interest for the first year, and that afterwards, interest should be paid, at the rate of six per cent. The petition closed with interrogatories to be answered on oath, by the defendants, relating to the two agreements, in regard to the payment of interest.
The answer to the petition averred the full payment of the principal and the interest due.
To the first interogatory, the defendants answered, on oath, that their testator had agreed with the plaintilf, that an interest of ten per cent a year, should be paid, and had given a note of S 500, for the interest of the first year. To the second, relating to the interest, at six per cent, alledged to have been agreed upon, by the parties to the present suit, they absolutely denied the agreement.
The plaintiff filed a replication to the defendants’ answer, claiming interest, at the rate of ten per cent, during the whole time, under a prayer *278 for general relief, in his petition ; the agreed re- ° 1 . & duction of the rate of interest, being denied by defendants.
The parish court was of opinion, that “ the verbal evidence of the first interest, at the rate of ten per cent, was not admissible, that the convention to pay it, at six per cent, was denied j but, upon the interrogatories there resulted, in the opinion of the court, some evidence that an interest, since the date of the protest was to be paid, and agreed upon, one way or another, which could not be, upon the evidence in the case, higher than the legal one. ” And gave judgment accordingly. The plaintiff appealed.
Our statute provides that, “ conventional in* terest cannot exceed ten per cent: the same must be fixed in writing, and testimonial proof of it, is not admitted in any case.” Civ. Code. 408, art. 32.
We are of opinion, that the legislature did not intend to make xvriting, an essential requisite, in a convention fixing the rate of interest to be paid, but, that its object was only the exclusion of the testimonial prooj of such a convention. For, if the oral convention was to be absolutely null and void, it would have been absurd to have gone further, and forbid the introduction of testimonial proof of it, since such kind of proof or any other *279 could not be of any avail. The legislator meant only to afford to a defendant, from whom conventional interest is demanded, a shield to guard him against suborned witnesses. This seems to be all that he can require. If he confesses, that he agreed to pay conventional interest, at the rate demanded, or if he tacitly admits, by forbearing to deny, it, as the plaintiff can then recover without the aid of testimonial proof, no injury is done to the defendant, if he be compelled to pay. Neither is any injury' done him, if he be interrogated and required to answer on oath, thereon. No man can be listened to, who complains that he is put in danger of perjuring himself. The truth, as far far as he is concerned, cannot ever come from a less exceptionable channel than when it drops from his lips.
The ordinance of Moulins, which requires that every convention, the object Of which exceeds the value of one hundred livres should be written, and no testimonial proof to be admitted of it—• is so understood in France. Pothier, Obligations, n. 15.
In the present case, the plea of payment admitted the plaintiff’s original claim, as stated in the petition, and put nothing in issue but its reduction or dissolution.
Admitting, as the defendants’ counsel contends, that they could not have been compelled *280 to answer the plaintiff’s interrogatories they ought to have prayed, to have them stricken out. After having voluntarily answered, they cannot say that what they have sworn to, shall not be taken as true.
Seghers for the plaintiff, Morel for the defendants.
As to the second agreement about the interest, reducing it from ten to six per cent, although it be expressly denied by the defendants’ answer on oath, yet, as it is stated in the petition, the plaintiff must be concluded thereby. A man’s own allegations, on the record of a suit, are, the highest evidence against him : ex ore tuo, te judi-co. The effect of it cannot be destroyed or weakened by any contradicting evidence
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that there be judgment for the plaintiff for the sum of S 1655-12, with legal interest, and that defendants’ and appellants pay costs in both courts.
GENERAL RULE.
Candidates for admission to the bar, who shall give satisfactory assurances to the court that *281 they have received a good classical education, although they may not have taken degrees in any college, may be examined, on shewing that they have studied two years, under an attorney duly admitted to practice in this state.